ANDREW SWANSON v. M. A. BROWN AND OTHERS.[1]

June 5, 1925.

No. 24,715.

**Question for jury but charge prejudicial.**
Action to recover the value of certain gravel, claimed to have been wrongfully taken and appropriated. *Held* that the evidence made a question of fact for the jury but that the charge was prejudicial to the rights of the plaintiff.

1. See Trespass, 38 Cyc. pp. 1151, 1153.

Action in the district court for Martin county. The case was tried before Dean, J., and a jury which returned a verdict in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Allen & Allen,* for appellant.

*Leo J. Seifert,* for respondents.

QUINN, J.

Action to recover the value of 1,000 cubic yards of gravel, of the alleged value of 28 cents per yard. There was a verdict in favor of the defendants. From an order denying his motion for a new trial, plaintiff appealed.

The right of way of the Chicago, Milwaukee & St. Paul Railway Company extends from the northeast to the southwest across the southeast corner of section 34, in the township of Rutland, in Martin county. There are gravel deposits on both sides of the right of way in this section. The appellant owns all of section 34 south of the railroad, except 3.9 acres which belong to the defendant Brown. In May, 1923, Brown leased his tract to the defendant Fairmont Auto & Realty Company, with the right to remove gravel therefrom for the period of 6 months, ending November 18, at not less than 25 cents per cubic yard. The lease also covers a gravel pit on the north side of the railroad and one on section 35.

[1] Reported in 204 N. W. 44.

The defendant Auto & Realty Company entered into an arrangement with the town of Rutland to furnish it gravel for the graveling of certain roads, at the agreed price of 28 cents per cubic yard. Under this arrangement, the town sent 6 men to haul gravel for it. It is conceded that the town received 615 yards of gravel, for which it paid the Auto & Realty Company the sum of $172.20. It is the claim of the appellant that the larger part of that gravel was taken, not from the Brown land, but from his gravel pit, and he brings this action to recover therefor. The sole issue in the case is, did any of the gravel which the respondents received come from the premises of the appellant. By its verdict, the jury found that such was not the fact.

Upon this appeal, it is contended, on behalf of the appellant, that the verdict is not justified by the evidence; that the court erred in its rulings upon the admissibility of evidence and in its instructions to the jury.

It appears from the proofs in the case that the Brown tract is a strip of land along the south line of the right of way. Appellant's tract consists of about 14 acres which bound the Brown land on the south and west. The gravel deposit extends underneath the surface of both tracts. The excavation in the old pit on the Brown tract begins east of the middle and extends west toward plaintiff's land. The gravel pits are adjacent—parts of one gravel deposit. Appellant owns a farm just south of section 34, from which he can look directly to the gravel pits. His boys work the farm, but he was there during most of the summer of 1923, and saw the men hauling gravel. He testified that, when he saw the men hauling, they were extending the pit on the Brown land southwesterly toward his land, that is, as we understand the claim of appellant, the men continued to so extend the taking of gravel to the west until they had reached his line, and that they then took a large amount of gravel from his premises. There were other parties hauling from the Brown pit during the summer of 1923. One party testified that he hauled about 200 yards for road purposes, and others hauled for other purposes, aside from the men who were hauling for the town of Rutland. These men testified that they took gravel only

from the Brown pit, as they understood. It is not claimed that there was any wilful taking of gravel belonging to the appellant. The line between the two tracts was not definitely known at the time. The question whether the respondents, or any of them, took any gravel from the appellant's land, was clearly for the jury.

Appellant assigns as error certain rulings as to two questions put to the witness, Sawyer, on cross-examination, as to surveys made of the tracts in question in previous years. In no way were the rulings prejudicial to the rights of appellant.

In submitting the issues to the jury, the trial court characterized the action as one growing out of "bad surveying," while there seems to be no issue as to the boundary lines between the two pits. The jury could hardly avoid confusion as to the controlling issues. It is undisputed that a large quantity of gravel was taken from the plaintiff's pit. Then, the jury was told that there was no direct evidence as to who owned the gravel that was taken. For these reasons a new trial should be had.

Reversed.